UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HAWKINS,<br><br>        Petitioner,<br><br>v.<br><br>GORE, Sheriff, et al.,<br><br>        Respondents. | Case No.: 3:21-cv-1119-BAS-BGS<br><br>**ORDER:**<br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) CONSTRUING PETITION AS BROUGHT UNDER 28 U.S.C. § 2241** |

  Petitioner, a pre-trial detainee proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

### APPLICATION TO PROCEED IN FORMA PAUPERIS

  Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for

Writ of Habeas Corpus without prepayment of the filing fee.

## BASIS FOR PETITION

Although Petitioner filed this action pursuant to 28 U.S.C. § 2254, he is a pretrial detainee attacking the validity of his custody status. (*See* Pet., ECF No. 1 at 1.) Section 2254 applies to prisoners who are in custody pursuant to a state court conviction. *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004). In contrast, 28 U.S.C. § 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such as pretrial detention or awaiting extradition. *Id.* at 1006; *see also Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (Section 2241's general grant of habeas authority is available to someone who is not in custody pursuant to a state court judgment, such as someone in a criminal trial or awaiting extradition); *McNeely v. Blanas*, 336 F.3d 822, 824 & n.1 (9th Cir. 2003) (allowing a California pretrial detainee asserting a speedy trial claim to proceed under Section 2241).

Here, Petitioner alleges he is being held in custody in violation of the United States Constitution, but he is not currently in custody pursuant to a final judgment of a state court. Thus, Petitioner may not proceed under section 2254, but may proceed with a habeas action in federal court under 28 U.S.C. § 2241. As the Ninth Circuit has stated:

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." [citations omitted.]

*White*, 370 F.3d at 1006 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). Accordingly, the Court **CONSTRUES** the Petition as one brought pursuant to 28 U.S.C. § 2241. *See Stow*, 389 F.3d at 885–88 (holding that pretrial detainee's double jeopardy challenge, filed under § 2254, should be treated as a § 2241 petition).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Motion to Proceed In Forma Pauperis (ECF No. 2) and **CONSTRUES** the Petition as one brought under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

**Dated: June 16, 2021**

Hon. Cynthia Bashant
United States District Judge