# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HAWKINS,<br><br>　　　　　　　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM D. GORE, SHERIFF,<br><br>　　　　　　　　　　　Respondent. | Case No. 21-cv-01119-BAS-BGS<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (ECF No. 1)** |

On June 14, 2021, Petitioner Christopher Hawkins filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking release from Respondent's custody on the ground that he was denied right to a speedy trial and his counsel rendered ineffective assistance in failing to secure him timely trial. (Pet., ECF No. 1.) Since then, Hawkins was tried, found guilty, and released from Respondent's custody for time served.[1] (ECF No. 8-1.) Respondent requests the petition be dismissed as moot, and Hawkins has not opposed the request. (ECF No. 8.)

---

[1] The Court notes that mail sent to Hawkins's jail address has been returned as undeliverable. (ECF No. 7.)

Under 28 U.S.C. § 2254, federal courts "shall entertain an application for a writ of habeas corpus [from] a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Constitution limits federal courts' jurisdiction over habeas petitions, like other actions, to those that present live cases or controversies. *E.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

A habeas petition may become moot when a petitioner who sought release from custody as the primary relief for his habeas petition is released from the respondent's custody. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir.1997) ("Because [the petitioner] has been released . . . , we can no longer provide him the primary relief sought in his habeas corpus petition."). However, "if a petitioner challenges the validity of his underlying conviction, the collateral consequences of that conviction may be sufficient to overcome mootness despite his subsequent release from prison." *Id.* at 1098. Here, Hawkins's petition seeks release from Respondent's custody as the primary relief, and the record shows that he was released on parole. He has not opposed Respondent's request to dismiss his petition as moot although he had ample time to do so.

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Hawkins's petition under § 2254 because he has been released from Respondent's custody, and he has not represented that he is seeking relief other than his release or that he is challenging any collateral consequences from his state court conviction. Further, a petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless "a . . . judge issues a certificate of appealability." 28 U.S.C. § 2253(c). Reasonable jurists would not find it debatable whether this Court is correct in finding Hawkins's § 2254 petition moot.

Consequently, the Court declines to issue Hawkins a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

**DATED: December 20, 2021**

Hon. Cynthia Bashant
United States District Judge